Paul Andrew Chiprez
1638 Whitton Ave
San Jose, CA 95116

Debtor in Proper
Paul Andrew Chiprez



ORIGINAL FILED
JUN 0 6 2014
United States Bankruptcy Court
San Jose, California

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

In re:

CHIPREZ, PAUL ANDREW

Debtor.

Case No.: Case No.: 10-60223 ASW

Chapter 13

MOTION TO AVOID SECOND DEED OF TRUST LIEN AND VALUE COLLATERAL OF MOAD, LLC

NO HEARING SET

B.R.L. 9014-1

Debtor, Paul Andrew Chiprez (hereinafter "Debtor") hereby move this Court for an Order avoiding and stripping a Second Deed of Trust security instrument securing a note currently held by MOAD, LLC ("Second Noteholder") (Initially in favor of RESIDENTIAL CAPITAL MORTGAGE INCOME FUND), and recorded in the County of Santa Clara as document No. 19770356 on 1638 Whitton Avenue, San Jose CA 95116. ("Property"), APN No. 481-16-080, which is more fully described in Exhibit A of the Memorandum of Points and Authorities (all exhibits cited herein and hereafter are attached to accompanying Memorandum of Points and Authorities In Support of Motion To Avoid Second Deed of Trust Lien And Value Collateral).

The grounds for such motion are that the Second Deed Of Trust lien on Property is unsecured because the fair market value of Property was $209,575.00 at the time of filing the instant bankruptcy case, an amount which is below the $386,990.00 owed to NATIONSTAR

MORTGAGE, LLC at the time of the filing of the instant case and secured by a First Deed of Trust recorded in the County of Santa Clara, California as Document 19186172.

Based on the foregoing information DEBTOR request that the lien of the Second Deed of Trust securing an obligation for approximately $45,200.00 at the time of filing, now be stripped from the Property.

This Motion is based upon the accompanying Notice, Memorandum of Points and Authorities, the supporting Declaration of Debtor, the files and pleadings in this case, and upon such other testimonial and documentary evidence as may be presented at the time of any hearing taking place on this motion.

WHEREFORE, Debtor prays for an Order of the Court as follows:

(1) For purposes of Debtor's Chapter 13 Plan only, the Second Deed of Trust lien is valued at zero. MOAD, LLC and any successor of assignee in interest does not have a secured claim, and the Second Deed of Trust lien may not be enforced against Debtor in this case, pursuant to 11 U.S.C. §§ 506, 1322(b) (2) and 1327.

(2) This order shall become part of Debtor's confirmed Chapter 13 Plan.

(3) Upon entry of a discharge in Debtor's Chapter 13 case, the Second Deed of Trust lien shall be voided for all purpose and upon application by Debtor, the Court will enter an appropriate form of judgment voiding the Second Deed of Trust lien.

(4) If Debtors; Chapter 13 case is dismissed or converted to one under another chapter before Debtor obtain a discharge, this order shall cease to be effective and the Second Deed of Trust Lien shall be retained to the extent recognized by applicable non-bankruptcy law, and upon application by the lien holder, the Court will enter an appropriate form of order restoring the Second Deed of Trust lien.

(5) Except as provided by separate, subsequent order of this Court, the Second Deed of Trust lien may not be enforced so long as this order remains in effect.

Executed in San Jose, California this 6th day of June 2014.

/s/ PAUL ANDREW CHIPREZ
PAUL ANDREW CHIPREZ