Paul Andrew Chiprez
1638 Whitton Ave
San Jose, CA 95116

Debtor in Proper
Paul Andrew Chiprez



ORIGINAL

FILED
JUN 06 2014
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re:

CHIPREZ, PAUL ANDREW

Debtor.

Case No.: 10-60223 ASW

Chapter 13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AVOID SECOND DEED OF TRUST LIEN OF MOAD, LLC AND VALUE COLLATERAL**

**NO HEARING SET**

B.L.R. 9014-1

## STATEMENT OF FACTS

Debtor Paul Andrew Chiprez submits this Memorandum of Points and Authorities in Support of the Motion to Value the Secured Claim of MOAD, LLC. The basis of the motion is the lack of equity in the encumbered property.

Debtor Paul Andres Chiprez filed the above Chapter 13 case on September 30, 2010. On November 11, 2012, the Court closed the Debtor's bankruptcy case. On May 20th, the Court granted Debtor's motion to re-open the bankruptcy case for the limited purposes of avoiding two (2) trust deeds against Debtor's property. Debtor's residence is the property located at 1638 Whitton Avenue, San Jose CA 95116, which is more fully described in and attached hereto as Exhibit A.

In re Paul Andrew Chiprez        MEMORANDUM OF POINTS                    1
OF MOTION TO AVOID SECOND DEED

On November 14, 2006, Nationstar Mortgage LLC ("Lender") recorded a First Deed of Trust security instrument in the County of Santa Clara, California as Document 19186172 ("First Lienholder"). A copy of the First Deed of Trust is attached hereto Exhibit "B" and a copy of Debtor's mortgage statement for the First Deed of Trust is attached hereto as Exhibit "C". At the time of filing the instant case, the aforementioned note carried a balance of approximately $386,990.00 (see accompanying Declaration of Debtor.)

On or about April 30, 2007, Residential Capital Mortgage Income Fund (Currently held in favor of MOAD, LLC) recorded a Second Deed of Trust against Debtor's Property in Santa Clara County, Document No. 19404789 ("Second Mortgage") securing a Note, is attached hereto as Exhibit "D" and a copy of Debtors' mortgage statement is attached hereto as Exhibit "E". At the time of filing the instance case, this Note carried a balance of approximately $45,200.00 (see accompanying Declaration of Debtor).

Said Second mortgage constitutes a lien on the Debtors' residence. The residence has a current fair market value of approximately $209,575 (Attached hereto as Exhibit F, Schedule A of the Bankruptcy Petition) as of filing the instant case, see accompanying Debtor's Declaration. The amount of the First Lien exceeds the value of the property therefore the Second Mortgage is wholly unsecured.

**ARGUMENT**

11 USC§ 506 provides in relevant part:

"(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. . . .

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void. . . ." 11 U.S.C. § 506. Under Code § 506(a), the court may determine the value of collateral, which secures an allowed claim, to ascertain what portion of the claim is secured and what portion is unsecured.

To the extent the lien exceeds the amount of the allowed secured claim; subsection (d) provides that the lien is void.

Rule 3012 specifically permits Code § 506(a) collateral valuations to be requested on motion provided notice and opportunity for hearing is given to the affected party. F.R.B.P. Rule 3012.

A Debtor may testify regarding the value of property that he owns, and has done so through the Schedules and Plan. Fed. Rules of Evidence §701. See So. Central Livestock Dealers, Inc. v. Security State Bank, 614 F. 2d 1056, 1061 (5th Cir. 1998). An adversary complaint is not necessary to value this collateral. In re Laskin, 222 B.R. 14 876 (B.A.P. 9th Cir. 1998).

The accompanying Declaration of Debtor establishes that the debtor owned the Property on the filing of the bankruptcy case.

The debtors' opinion of the real property's fair market value is $209,575.00.

Since the amount owing under the First Mortgage exceeds the fair market value of Property at time of filing, there is no collateral value securing the Second Mortgage. For this reason, pursuant to Bankruptcy Code §506, the Second Mortgage should be stripped from the property and be treated as an unsecured claim to the extent allowed under applicable non-bankruptcy law.

Based on the foregoing, the Debtors respectfully request:

(1) For purposes of Debtors' Chapter 13 Plan only, the Second Mortgage is valued at zero, MOAD, LLC and any successor of assignee in interest, does not have a secured claim, and the Second Mortgage lien may not be enforced against Debtors in this case, pursuant to 11 U.S.C. §§506, 1322(b)(2) and 1327.

(2) This order shall become part of the Chapter 13 Plan.

(3) Upon entry of a discharge in Debtor's Chapter 13 case, the Second Deed of Trust lien shall be voided for all purposes and upon application by Debtors, the Court will enter an appropriate form of judgment voiding the Second Deed of Trust lien.

(4) If Debtor's Chapter 13 case is dismissed or converted to one under another chapter before Debtor obtain a discharge, this order shall cease to be effective and the Second Deed of Trust Lien shall be retained to the extent recognized by applicable non-bankruptcy law, and upon application by the lien holder, the Court will enter an appropriate form of order restoring the Second Deed of Trust lien.

(5) Except as provided by separate, subsequent order of this Court, the Second Deed of Trust lien may not be enforced so long as this order remains in effect.

Executed in San Jose, California this 6th day of June 2014.

/s/ PAUL ANDREW CHIPREZ
PAUL ANDREW CHIPREZ

In re Paul Andrew Chiprez
Case No. 10-60223

MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT
OF MOTION TO AVOID SECOND DEED

4

Case: 10-60223    Doc# 42    Filed: 06/06/14    Entered: 06/06/14 15:20:23    Page 4 of 4