BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider executed by Borrower and recorded with it.

253710690

Witnesses:

_____

_(signature)_ _____ (Seal)
PAUL CHIPREZ                -Borrower

_____

_____ (Seal)
                         -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                 -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                 -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                 -Borrower

VMP®-6(CA) (0207)                Page 14 of 15                Form 3005 1/01

253710690

State of California  
County of Santa Clara } ss.

On November 7, 2006 before me, Sheila Meinecke, Notary Public personally appeared

PAUL CHIPREZ

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity~~(ies)~~, and that by his/~~her/their~~ signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

[Seal: SHEILA MEINECKE, COMM. #1536722, Notary Public - California, Santa Clara County, My Comm. Expires Dec. 19, 2008]

_____ (Seal)

-6(CA) (0207)    Page 15 of 15    Initials: PC    Form 3005 1/01

253710690  ADJUSTABLE RATE/BALLOON RIDER

(LIBOR 6 Month Index (As Published In The Wall Street Journal) - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made this 7th day of NOVEMBER, 2006, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to

NATIONSTAR MORTGAGE LLC

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

1638 WHITTON AVENUE
SAN JOSE, CA 95116

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. INTEREST RATE AND MONTHLY PAYMENT CHANGES

The Note provides for an initial interest rate of 8.300 %. The Note provides for changes in the interest rate and the monthly payments, as follows:

4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Dates

The interest rate I will pay may change on the 15th day of NOVEMBER, 2008, and on that day every 6TH month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for 6 month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first

Adjustable Rate/Balloon Rider - LIBOR 6 Month Index
CE840U1 (092205)      Page 1 of 3

253710690

business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding
FIVE AND 680/1000           percentage point(s) (    5.680       %) to
the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date based on the remaining term of the scheduled 40 year amortization period at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than
11.300        % or less than      8.300         %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than ONE AND 500/1000 percentage points(s) (   1.500         %) from the rate of interest I have been paying for the preceding 6         months. My interest rate will never be greater than      15.300   %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the telephone number of a person who will answer any questions I may have regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICAL INTEREST IN BORROWER** Uniform Covenant 17 of the Security Instrument is ammended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information

Adjustable Rate/Balloon Rider - LIBOR 6 Month Index
CE840U2 (092806)                        Page 2 of 3

253710690

required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

The term of the loan is 360 months. As a result, you will be required to repay the entire principal balance and any accrued interest then owing 360 months from the date on which the loan is made.

The Lender has no obligation to refinance this loan at the end of its term. Therefore, you may be required to repay the loan out of assets you own or you may have to find another Lender willing to refinance the loan.

Assuming this Lender or another Lender refinances this loan at maturity, you will probably be charged interest at market rates prevailing at that time and such rates may be higher than the interest rate on this loan. You may also have to pay some or all of the closing costs normally associated with a new mortgage loan.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate/Balloon Rider.

_____ (Seal)  _____ (Seal)
PAUL CHIPREZ           -Borrower                          -Borrower

_____ (Seal)  _____ (Seal)
                       -Borrower                          -Borrower

_____ (Seal)  _____ (Seal)
                       -Borrower                          -Borrower

_____ (Seal)  _____ (Seal)
                       -Borrower                          -Borrower

Adjustable Rate/Balloon Rider - LIBOR 6 Month Index
CE840U3 (092205)                    Page 3 of 3

# EXHIBIT "C"

# Nationstar MORTGAGE

P.O. BOX 60516
CITY OF INDUSTRY, CA 91716-0516

## MORTGAGE LOAN STATEMENT

**CONTACT INFORMATION**

Customer Service: 1-888-480-2432
Monday - Thursday: 8 a.m. - 8 p.m. CT
Friday: 8 a.m. - 6 p.m. CT and Saturday: 8 a.m. - 2 p.m. CT
MyNationstar.com

4-592-90550-0002468-001-000-000--

PAUL CHIPREZ
1836 WHITTON AVE
SAN JOSE CA  95116-2454

| | |
|---|---|
| Statement Date: | 04/09/2014 |
| Loan Number: | 0253710690 |
| Payment Due Date: | 05/01/2014 |
| **Amount Due:** | **$1,103.16** |

If payment is received on or after 05/12/14: $47.84 late fee will be charged.

### Account Information

| | |
|---|---|
| Interest Bearing Principal Balance | $282,142.70 |
| Non-Interest Bearing Principal Balance | $118,374.26 |
| Interest Rate (Until 04/01/2015) | 2.000% |
| Escrow Balance | $212.91 |
| Prepayment Penalty* | |

*Nationstar Mortgage LLC will not assess a prepayment penalty at any time in the event you would like to pay part or all of your mortgage balance.

The Principal Balance does not represent the payoff amount of your account and is not to be used for payoff purposes.

### Explanation of Amount Due

| | |
|---|---|
| Principal | $485.49 |
| Interest | $470.24 |
| Escrow Amount (for Taxes & Insurance) | $146.43 |
| Optional Products and Services | $0.00 |
| **Regular Monthly Payment** | **$1,103.16** |
| Total Fees and Charges | $0.00 |
| Overdue Payment(s) | $0.00 |
| **Total Amount Due** | **$1,103.16** |

### Past Payment Breakdown

| | Payments Rec'd since 03/13/2014 | Paid Year to Date |
|---|---|---|
| Principal | $485.68 | $1,937.88 |
| Interest | $471.05 | $1,889.04 |
| Escrow (Taxes & Insurance) | $146.43 | $585.72 |
| Optional Insurance | $0.00 | $0.00 |
| Fees and Charges | $0.00 | $9.95 |
| Lender Paid Expenses | $0.00 | $0.00 |
| Partial Payment (Unapplied)** | $0.00 | $0.00 |
| **Total** | **$1,103.16** | **$4,422.59** |

### Transaction Activity (03/13/2014 to 04/09/2014)

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 04/08/2014 | Payment | $1,103.16 | $485.68 | $471.05 | $146.43 | |

### Important Messages  (See Reverse side for Additional Critical Notices)

As a participant in the Making Home Affordable Modification Program, you qualify to earn Pay for Performance Incentives for the first five years of your modification. To earn these incentives, you accrue $83.33 for each month that your account is current for a maximum of $1,000.00 annually. Earned incentives will be applied to your mortgage loan as a principal payment in the month following the anniversary of the trial effective date as long as your loan is in good standing. If you have any questions or would like more information, please visit our website at MyNationstar.com or call us at 1-888-480-2432.

You can make your payment online at MyNationstar.com. There is no charge for this service if you schedule your payment within 9 days past your due date.

---

This is an attempt to collect a debt and any information obtained will be used for that purpose.
DETACH HERE AND RETURN WITH YOUR PAYMENT.  PLEASE ALLOW A MINIMUM OF 7 TO 10 DAYS FOR POSTAL DELIVERY

# Nationstar MORTGAGE
MyNationstar.com

☐ PLEASE CHECK BOX IF MAILING ADDRESS OR PHONE NUMBER HAS CHANGED. ENTER CHANGES ON BACK OF COUPON.

PAUL CHIPREZ

| ACCOUNT NUMBER | TOTAL AMOUNT DUE* |
|---|---|
| 0253710690 | 05/01/2014  $1,103.16 |

WRITE YOUR LOAN NUMBER ON YOUR CHECK OR MONEY ORDER AND MAKE PAYABLE TO NATIONSTAR MORTGAGE

| PAYMENT DUE IF RECEIVED ON OR AFTER |
|---|
| 05/12/2014   $1,151.00 |

NATIONSTAR MORTGAGE
PO BOX 60516
CITY OF INDUSTRY, CA 91716-0516

ADDITIONAL ESCROW   $_____
**ADDITIONAL PRINCIPAL  $_____

TOTAL AMOUNT OF YOUR CHECK  [        ]
DO NOT SEND CASH

**All amounts must be paid in full before additional principal reduction can be made.

0253710690 03  000110316  000115100

# EXHIBIT "D"

RECORDING REQUESTED BY:
Stewart Title of California.

WHEN RECORDED MAIL TO:

Thutrang Thi Hoang
Mary Shang
283 Isabella Street
Hayward, Ca 94544

ORDER NO. 1551-2907-76932
ESCROW NO. 1562-76932

DOCUMENT: 19770356  Pages· 6

Fees     35.00
Taxes.
Copies
AMT PAID  35.00

REGINA ALCOMENDRAS       RDE # 007
SANTA CLARA COUNTY RECORDER  3/11/2008
Recorded at the request of   8:00 AM
Stewart Title of California

SPACE ABOVE THIS LINE FOR RECORDER'S USE

### SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

1638 Whitton Ave-San Jose, CA.                    APN: 481-16-080

This Deed of Trust, made this 5th day of March, 2008, between

Paul Chiprez, , an unmarried man
herein called TRUSTOR, whose address is 1638 Whitton Avenue, San Jose, CA 95116
Stewart Title of California, Inc., a California Corporation, herein called TRUSTEE, and

Thutrang Thi Hoang , a married woman and Mary Shang , a single woman

herein called BENEFICIARY,
Witnesseth: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Santa Clara County, California, described as:
For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.

In the event the property described herein, or any part hereof, or any interest therein, is sold, conveyed, alienated, assigned or otherwise transferred by the Trustor, or by the operation of law or otherwise, all obligations secured by this instrument, irrespective of the maturity dates expressed therein, at the option of the Beneficiaries thereof, and without demand or notice shall immediately become due and payable, except as prohibited by the California Civil Code, Section 2924.6, other applicable law.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
For the Purpose of Securing: 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $16,000.00 executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

Case: 10-60223    Doc# 46-1    Filed: 06/06/14    Entered: 06/06/14 15:24:18    Page 9 of 16

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2, Book 1961, Page 183687 | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

**SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE**

ORDER NO.
ESCROW NO.   76932

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

DATE:   March 5, 2008

_[signature]_
Paul Chiprez

STATE OF CALIFORNIA

COUNTY OF  San Francisco

On 3-7-08 before me, Charlotte Chau, notary Public, (here insert name and title of the officer) personally appeared Paul Chiprez,

who proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _[signature]_

> CHARLOTTE CHAU
> Commission # 1728367
> Notary Public - California
> San Francisco County
> My Comm. Expires Mar 28, 2011

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

## EXHIBIT "A"

LOT 12 in Block 27, as shown upon that certain Map entitled, "Map of the Second Subdivision of the Lendrum Tract," which Map was filed for record in the office of the Recorder of the County of Santa Clara, State of California, on May 14, 1988 in Book "C" of Maps at Page 80.

APN/ARB: 481-16-080

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.
ESCROW NO.    76932

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

To Protect the Security of This Deed of Trust, Trustor Agrees:

(1)  To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)  To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suite brought by Beneficiary to foreclose this Deed.

(4)  To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)  That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)  That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)  That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)  That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)  Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)  That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)  That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

Case: 10-60223   Doc# 46-1   Filed: 06/06/14   Entered: 06/06/14 15:24:18   Page 13 of 16

# EXHIBIT A

## LEGAL DESCRIPTION

The land referred to herein is situated in the State of California, County of Santa Clara, City of San Jose, and described as follows:

LOT 12 in Block 27, as shown upon that certain Map entitled, "Map of the Second Subdivision of the Lendrum Tract," which Map was filed for record in the office of the Recorder of the County of Santa Clara, State of California, on May 14, 1988 in Book "C" of Maps at Page 80.

APN/ARB: 481-16-080

(End of Legal Description)

# EXHIBIT "E"

9/13/10 11:58PM

B6A (Official Form 6A) (12/07)

In re   Paul Andrew Chiprez                                              ,   Case No. _____
                              Debtor

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Primary residence, single family residence, at 1638 Whitton Avenue, San Jose, CA 95116 | Fee simple | H | 209,575.00 | 432,190.00 |

|  |  |
|---|---|
| Sub-Total > | 209,575.00  (Total of this page) |
| Total > | 209,575.00 |

  0   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

Case: 10-60223   Doc# 46-1   Filed: 06/06/14   Entered: 06/06/14 15:24:18   Page 16 of 16